IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUISE RHODES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-2402-K (BH) |
| | ) | ECF |
| U.S. OFFICE OF SPECIAL COUNSEL, | ) | Referred to U.S. Magistrate Judge |
| et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On December 6, 2005, plaintiff filed the instant action against the Office of Special Counsel (OSC) and Thomas Stanton, Regional Counsel for the Internal Revenue Service (IRS). She alleges that defendants breached an agreement reached under the Whistleblower Protection Act in the matter of *Rhodes v. Secretary of Treasury, Paul H. O'Neill – Internal Revenue Service*, Nos. 99-2320 and 2215.[1] On December 13, 2005, the Court granted plaintiff permission to proceed with this action *in forma pauperis*.

---

[1] In its entirety, the Complaint states:

> The Whistleblower Protection Act Agreement was BREACHED in the matter of Louise Rhodes vs. Secretary of Treasury Paul H. O'Neill-Internal Revenue Service; Agency Nos. 99-2320 and 01-2215.
>
> The Office of Special Counsel cc: GLS:DAL-152-00, Thomas Stanton, Regional Counsel, GLS; address: 4050 Alpha Rd. 7th Floor, Mail Stop 2500 MSRO, Dallas, TX 75244-4203; phone: 972-308-7365; Fax 972-308-7341 represented the Dept. Of the Treasury, Internal Revenue Service.

To clarify the basis for plaintiff's breach of contract claim, the Court sent her a Magistrate Judge's Questionnaire (MJQ) on July 17, 2006, in which it asked her to provide all facts to support such claim.  On July 21, 2006, plaintiff filed her answers in which she merely directed the Court's attention to five attached documents:  (1) a June 18, 2001 letter from plaintiff to Thomas Stanton regarding a motion for settlement; (2) a Statement of the Case that provides some  background information but essentially relates events relative to prior litigation; (3) a July 18, 2006 "Motion to Receive Immediate Retirement Annuity Payments by Restored Direct Deposit" and attached "Reasons for Granting the Petition/Motion"; (4) a November 29, 2004 Proof of Service to various governmental entities; and (5) a verification page.

The attachment to the third document, entitled "Reasons for Granting the Petition/Motion," provides the best insight into the nature of plaintiff's claim.  It sets forth a history of "malicious" and "retaliatory tactics" allegedly taken against Plaintiff related to her retirement from governmental service, including a recitation of allegations that she has made since 1994 regarding disregard for various statutory provisions, including the Whistleblower Protection Act.  It states that the OSC represented the IRS during an Equal Employment Opportunity Commission (EEOC) hearing of December 12, 2001, and that in 2001, an Administrative Judge of the EEOC "ordered Special Counsel Thomas Stanton to come to an agreement with [her] for the Whistleblowing claim."  The attachment also states that, although "[t]his order was agreed to on July 20, 2001, [it] has not been finalized by OSC or the Secretary of Treasury."  Finally, the document indicates that Plaintiff has filed a complaint with the Merit System Protection Board (the Board).[2]

---

[2]  The Board denied her complaint.  *See Rhodes v. Office of Personnel Management*, 95 M.S.P.R. 433 (M.S.P.B. 2004) (Table).  Plaintiff unsuccessfully petitioned for review of the final decision of the Board.  *See Rhodes v. Office of Personnel Management*, 110 Fed. App'x 118 (Fed. Cir. Sept. 15, 2004) (per curiam), *cert. denied*, 543 U.S. 1073 (2005).

The first attached document to the MJQ, Plaintiff's June 18, 2001 letter to defendant Stanton, states that an Administrative Judge at the EEOC directed "each party to work together to come to a final settlement." It concludes with the following statement: "Be it resolved that the signature of Timothy Stanton . . . will present this Motion to the Agency and certify that this Motion for Settlement was read, and to the best of his knowledge, the allegations sited (sic) are good grounds to support this settlement." The document shows no signature of Timothy Stanton, despite a place for such signature.

The second attached document, entitled "Statement of the Case", appears to have been written by Plaintiff. It clearly relates to prior litigation involving plaintiff, and is mostly irrelevant to the instant action for breach of contract. However, it does state that after Plaintiff's June 18, 2001 letter, "Stanton agreed to a one million and three hundred thousand dollars settlement with [her] telephonically, on July 20, 2001."[3]

According to her answers to the questionnaire, Plaintiff seeks $1,300,000.00 for the alleged breach of contract. The Court has not issued process in the case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit

---

[3] The Proof of Service attached to her answer to MJQ merely shows that plaintiff mailed a "Notice" to various governmental entities, including the Office of Special Counsel, on November 29, 2004. The verification page merely shows that plaintiff declares under penalty of perjury the truth and correctness of her answer to the MJQ. Neither of these documents provide any detail regarding plaintiff's breach of contract claim.

3

lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

Plaintiff asserts a breach of contract claim against defendants which, in essence, is a breach of contract claim against the United States. Suit on any contract with the United States in excess of $10,000 must be brought in the Court of Claims. *See* 28 U.S.C. §§ 1346(a), 1491(a)(1); *Clinton v. Goldsmith*, 526 U.S. 529, 539 n.13 (1999). Because plaintiff seeks more than $10,000 in damages, this Court has no jurisdiction over such a claim. Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's complaint for lack of subject matter jurisdiction.

**SIGNED this 13th day of December, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE