## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| LOUISE RHODES, | § | |
| Plaintiff, | § | |
| vs. | § | No. 3:05-CV-2402-K (BH) |
| | § | ECF |
| U.S. OFFICE OF SPECIAL COUNSEL, | § | Referred to U.S. Magistrate Judge |
| et al., | § | |
| Defendants. | § | Pretrial Management |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Special Order No. 3-251, the District Court referred this case for pretrial management,[1] including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is a *Motion to Dismiss and Alternatively, Motion for Summary Judgment and Supporting Brief* filed by Defendant United States Office of Special Counsel (OSC) on March 7, 2008. Plaintiff has responded to the motion by filing *Remand by U.S. Court of Appeals for the Fifth Circuit for Case No. 07-10091, Rhodes v. Office of Special Counsel; Thomas Stanton, dated December 7, 2007 back to the Northern District Court, Dallas Division for Further Proceedings and Motion for Relief of Claims* (hereinafter referred to as Response or Motion for Relief). On April 9, 2008, OSC filed *Defendant's Response to Plaintiff's "Motion for Relief of Claims"*.

Based on the relevant filings and applicable law, the Court recommends that Defendant's motion to dismiss be **GRANTED**, and that Plaintiff's motion for relief be **DENIED**.

---

[1] This matter was re-opened in the District Court after remand by the Fifth Circuit in December 2007. Plaintiff objects to the automatic referral of this case to the magistrate judge pursuant to Special Order No. 3-251 upon the re-opening because the Special Order applies only "at case opening." (*See* Movant's Resp. to Special Order 3-251, doc. 39; Oppose Order Granting Extension Time, doc. 43.) Because this case has been opened anew, Special Order 3-251 applies, and Plaintiff's objections are without merit.

## I. BACKGROUND

On December 6, 2005, Plaintiff filed the instant action against the OSC and Thomas Stanton, Regional Counsel for the Internal Revenue Service (IRS). She alleges that defendants breached an agreement reached under the Whistleblower Protection Act in the matter of *Rhodes v. Secretary of Treasury, Paul H. O'Neill – Internal Revenue Service*, Nos. 99-2320 and 2215.[2] Based on the complaint and Plaintiff's answer to a Magistrate Judge's Questionnaire (MJQ),[3] the Court construed the action as alleging a breach of contract against the United States and dismissed the complaint for lack of jurisdiction because Plaintiff seeks more than $10,000 in a court other than the Court of Claims – the court designated by statute to have sole jurisdiction over such breach of contract claims. Plaintiff appealed the dismissal, and the Fifth Circuit Court of Appeals remanded the case for further proceedings because it found the existence of a contract to be inextricably intertwined with the jurisdictional issue.

On January 8, 2008, the Court ordered defendants to be served with process. Defendant OSC responded with the instant motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) and alternate motion for summary judgment. Plaintiff responded to the motion to dismiss with her motion for relief. OSC thereafter responded to the motion for relief.

---

[2] In its entirety, the Complaint states:
> The Whistleblower Protection Act Agreement was BREACHED in the matter of Louise Rhodes vs. Secretary of Treasury Paul H. O'Neill-Internal Revenue Service; Agency Nos. 99-2320 and 01-2215.
>
> The Office of Special Counsel cc: GLS:DAL-152-00, Thomas Stanton, Regional Counsel, GLS; address: 4050 Alpha Rd. 7th Floor, Mail Stop 2500 MSRO, Dallas, TX 75244-4203; phone: 972-308-7365; Fax 972-308-7341 represented the Dept. Of the Treasury, Internal Revenue Service.

(Compl. at 1.) Although Plaintiff appears to seek compensation for various claims, including $1,300,000 as damages, in her motion for relief, (*see* Mot. Relief), her complaint at best alleges only a breach of contract claim.

[3] Plaintiff's answer to the question posed by the Court constitutes an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

## II.  RULE 12(b)(1) MOTION TO DISMISS

Defendant OSC moves to dismiss the action against it pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing to sue because it was not a party to the alleged contract.

### A. **Standard of Review**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  Considering rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*  When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981).  A motion to dismiss based on the

complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Patterson v. Weinberger,* 644 F. 2d 521, 523 (5th Cir. 1998); *see also Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (citation omitted). "If sufficient, those allegations alone provide jurisdiction." 644 F.2d at 523. Facial attacks are usually made early in the proceedings. *Id.* Where the defendant supports the motion with evidence, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam); *Rodriguez*, 992 F. Supp. at 879.

"In the special case where the challenged basis of jurisdiction is also an element of plaintiff's federal cause of action, the proper course of action is to limit the jurisdictional inquiry to facial scrutiny, and reserve the factual scrutiny for the merits of the cause of action." *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983); *see also Montez v. Department of Navy*, 392 F.3d 147, 150 (5th Cir. 2004) (quoting *Williamson*, 645 F.2d at 415). In such circumstances, the court should dismiss the case under Rule 12(b)(1) only if the facial attack succeeds. *Id.* Of course, "if the jurisdictional challenge does not implicate the merits of the cause of action, the jurisdictional basis must survive both facial and factual attacks before the district court can address the merits of the claim." *Id.*

In this case, Defendant OSC's motion presents both a facial and a factual attack, which

4

requires the Court to resolve matters outside the pleadings. *See Ramming*, 281 F.3d at 161; *see also Williamson*, 645 F.2d at 412-13. Accordingly, no presumption of truth attaches to Plaintiff's factual allegations. *See Williamson*, 645 F.2d at 412. Because the issue of Plaintiff's standing to bring this action against OSC does not implicate the merits of her breach of contract action, the Court may look beyond the face of Plaintiff's complaint as amended by the answer to the MJQ to determine the issue of jurisdiction, if necessary. *See Levin v. Friedman Driegert & Hsueh, L.L.C.*, No. 3:00-CV-1681-D, 2001 WL 804528, at *2-3 (N.D. Tex. July 5, 2001) (finding that whether the plaintiff was a party to the contract affected standing but did not implicate the merits of the breach of contract claim).

**B. Standing**

Defendant OSC argues that Plaintiff lacks standing to pursue the instant breach of contract action against it because any injury to her is not fairly traceable to conduct on its part. More specifically, it argues that it was not a party to the alleged contract between Plaintiff and the IRS.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996). The Supreme Court, furthermore, "insist[s] on strict compliance" with the requirement. *Raines*, 521 U.S. at 819. To meet the standing requirement plaintiffs "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* at 818 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984));

5

*accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983).

    **1.**    *Facial Attack*

Plaintiff's brief complaint shows that the contract alleged to have been breached was between Plaintiff and the IRS. The complaint further alleges that Thomas Stanton, Regional Counsel - GLS (General Legal Services) represented the IRS. Assuming the truth of Plaintiff's allegations in her complaint, as the Court must, the allegations simply do not bestow standing on Plaintiff to pursue a breach of contract claim against OSC. Any injury from the alleged breach is not fairly traceable to it, and OSC is therefore not liable for such breach. Because OSC is not a proper defendant in this action, its facial attack on jurisdiction succeeds and the Rule 12(b)(1) motion to dismiss should be granted on the face of the complaint alone.[4]

    **2.**    *Factual Attack*

In addition, OSC also provides undisputed affidavit evidence that (1) it does not represent other federal agencies; (2) did not represent the Department of Treasury or the IRS in relation to Plaintiff's alleged contract; and (3) Thomas Stanton was not employed by OSC for any time period relevant to the instant litigation. (*See* Def.'s App. Supp. Mot. Dismiss.) In response to the motion to dismiss, Plaintiff filed a motion for relief but failed to refute the affidavit evidence. Based upon the complaint as supplemented by undisputed facts evidenced in the record, OSC's factual attack

---

[4] Although the original complaint alone shows that Plaintiff lacks standing to pursue her breach of contract claim against the OSC, Plaintiff has amended her complaint with her answer to the MJQ. That answer directed the Court's attention to five attached documents which further show that the parties to the alleged contract was Plaintiff and the IRS. They also show allegations that Mr. Stanton represented the IRS, and that OSC through Mr. Stanton represented the IRS. Nothing in Plaintiff's answer to the MJQ, including the attachments, show that Plaintiff has standing to pursue her breach of contract claim against OSC.

on jurisdiction likewise succeeds, and the motion to dismiss may also be granted on this basis.

### III. MOTION FOR RELIEF

In response to the instant motion to dismiss, Plaintiff filed a motion for relief in which she requests that the Court

> grant relief to the Plaintiff for $1,300,000 and to receive her embezzled retirement funds (annuity benefits) in the amount of $169,207.28 and be compensated for violating the Civil Rights Act of 1964 and the Whistleblower Protection Act of 1991, which consists of: punitive damages, compensatory damages (future pecuniary losses), emotional pain and suffering, inconvenience and mental anguish, loss of enjoyment of life and physical pain and suffering.

(*See* Mot. Relief at 1.) To the extent Plaintiff seeks relief for any claim other than breach of contract, the motion necessarily fails because a party cannot obtain relief on a claim not presented to the Court. With respect to the asserted breach of contract claim, the motion fails because Plaintiff invokes no rule or other authority for her motion, and has provided no basis for obtaining relief through such motion against either defendant. Additionally, the motion fails because Plaintiff lacks standing to pursue this action against OSC.

### IV. RECOMMENDATION

For the reasons stated herein, the Court should **GRANT** Defendant OSC's motion to dismiss (doc. 36) and **DENY** Plaintiff's motion for relief (doc. 44). Defendant OSC should be dismissed from this action because Plaintiff lacks standing to pursue this action against it.

**SO RECOMMENDED on this 22nd day of May, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE