IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUISE RHODES, § | | |
| Plaintiff, § | | |
| vs. § | | No. 3:05-CV-2402-K (BH) |
| § | | ECF |
| U.S. OFFICE OF SPECIAL COUNSEL, § | | Referred to U.S. Magistrate Judge |
| et al., § | | |
| Defendants. § | | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, the District Court referred this case for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is a *Motion to Dismiss and, Alternatively, Motion for Summary Judgment and Supporting Brief* (hereinafter "Mot.") filed by Defendant Thomas Stanton ("Stanton" or "Defendant") on September 5, 2008.

Based on the relevant filings and applicable law, the Court recommends that Defendant's motion to dismiss be **DENIED,** and that his motion for summary judgment be **GRANTED**.

**I. BACKGROUND**

On December 6, 2005, Plaintiff filed the instant action against Thomas Stanton, Regional Counsel for the Internal Revenue Service ("IRS").[1] She alleges that Defendant breached an agreement reached under the Whistleblower Protection Act in the matter of *Rhodes v. Secretary of Treasury, Paul H. O'Neill – Internal Revenue Service*, Nos. 99-2320 and 2215.[2] After being served

---

[1] Plaintiff also sued the United States Office of Special Counsel, but that defendant was dismissed from this action in June 2008.

[2] In its entirety, the Complaint states:
The Whistleblower Protection Act Agreement was BREACHED in the matter of Louise Rhodes vs. Secretary of Treasury Paul H. O'Neill-Internal Revenue Service; Agency Nos. 99-2320 and 01-2215.

with process, Defendant filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6) and alternate motion for summary judgment. To date, Plaintiff has filed no response.

## II. RULE 12(b)(1) MOTION TO DISMISS

Defendant moves to dismiss this breach of contract action against him pursuant to Fed. R. Civ. P. 12(b)(1) because the amount in controversy exceeds $10,000.[3] (Mot. at 3, 9-10.) Suit on any express or implied contract with the United States in excess of $10,000 must be brought in the Court of Claims. *See* 28 U.S.C. §§ 1346(a), 1491(a)(1); *Clinton v. Goldsmith,* 526 U.S. 529, 539 n.13 (1999).

Based on the complaint and Plaintiff's answer to a Magistrate Judge's Questionnaire ("MJQ"),[4] the Court construed this action as alleging a breach of contract for more than $10,000 against the United States. In so doing, the Court accepted as true Plaintiff's allegation that a contract existed. *See Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983) (holding that the courts "must accept as true all material allegations of the complaint" when deciding issues of jurisdiction); *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (same), *aff'd* 199 F.3d 279 (5th Cir. 2000). The Court dismissed the action for lack of jurisdiction on December 22,

---

The Office of Special Counsel cc: GLS:DAL-152-00, Thomas Stanton, Regional Counsel, GLS; address: 4050 Alpha Rd. 7th Floor, Mail Stop 2500 MSRO, Dallas, TX 75244-4203; phone: 972-308-7365; Fax 972-308-7341 represented the Dept. Of the Treasury, Internal Revenue Service.

(Compl. at 1.)

[3] Defendant addresses Plaintiff's complaint as though she sues him in both his individual and official capacities.

[4] Plaintiff's answer to the question posed by the Court constitutes an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Attached to her answer are five documents, three of which relate at least in part to her claim: (1) a "Motion for Settlement" she presented to Defendant Stanton on June 18, 2001, relating to an investigation by the Equal Employment Opportunity Commission ("EEOC"); (2) Plaintiff's fourteen-page "Statement of the Case" setting forth her employment and litigation history and claiming that Stanton telephonically agreed to settle Plaintiff's EEOC claim for $1,300,000 in July 2001; and (3) Plaintiff's three-page "Reasons for Granting the Petition/Motion", which also claims that Stanton agreed to settle the EEOC matter in July 2001.

2006, prior to service. Plaintiff appealed the dismissal, and the Fifth Circuit remanded the case for further proceedings because it found the existence of a contract to be inextricably intertwined with the jurisdictional issue. *See Rhodes v. U.S. Office of Special Counsel*, No. 07-10091, unpub. op. at 2 (5th Cir. Oct. 15, 2007) (citing *Am. Fed'n Gov. Employees Local 1 v. Stone*, 146 Fed. App'x 704 (5th Cir. 2005)).[5]

This Court is bound by the Fifth Circuit's remand order, and the motion to dismiss under Rule 12(b)(1) should be denied on this basis.

### III. RULE 12(b)(6) MOTION TO DISMISS

Defendant has also moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiff's failure to state a breach of contract claim upon which relief can be granted. (Mot. at 8-9.)

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In the 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 499 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Furthermore, "it is clearly proper in deciding a 12(b)(6) motion

---

[5] In *Stone,* the plaintiff brought a breach of contract claim under the Little Tucker Act. *See* 342 F. Supp.2d at 621. The Little Tucker Act, 28 U.S.C. § 1346(a)(2), provides that district courts and the Court of Federal Claims have concurrent jurisdiction of actions founded upon an express or implied contract with the United States in cases not exceeding $10,000. The district court specifically found it had no jurisdiction over the claim based on the absence of a valid contract. *Id.* at 625.

3

to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). When a party presents "matters outside the pleading" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 & n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 783 (5th Cir. 2007).

It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citation omitted).[6] Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

Defendant argues that Plaintiff's breach of contract claim fails to state a claim upon which

---

[6] Although the context of the discussion in *Bell Atlantic* was the Sherman Act, nothing in the reasoning of the decision appears to limit its scope to Sherman Act claims. *Halaris v. Viacom, Inc.*, No. 3:06-CV-1646-N, 2007 WL 4145405, at *4 (N.D. Tex. Sept. 21, 2007).

4

relief can be granted because neither he nor the IRS entered into a settlement agreement with Plaintiff, and thus breached no such agreement. (Mot. at 8-9.) To support this argument, he relies upon and attaches to his motion an unsworn declaration he signed under penalty of perjury on July 2, 2008, and a transcript of a bench ruling entered on December 22, 2001, in Plaintiff's EEOC case against the IRS (EEOC Case No. 310-A0-534OX and Agency Case Nos. 99-2320 and 01-2215).[7] (*See id.*; App. Supp. Mot. Dismiss and Alternatively, Mot. Summ. J. [hereinafter "Mot. App."].)

Plaintiff neither attached the documents to her complaint nor specifically referred to them. Furthermore, neither document appears central to Plaintiff's breach of contract claim. The documents thus constitute matters outside the pleadings, and should not be considered for purposes of the motion to dismiss.[8] The exercise of such discretion appears especially appropriate when the party seeking a Rule 12(b)(6) dismissal also moves for summary judgment in the alternative.

Without the two documents attached to Defendant's motion, the Court is left with the well-pleaded facts alleged in Plaintiff's complaint, which the Court must accept as true and view in the light most favorable to her. Under that well-established standard for 12(b)(6) motions, Plaintiff's breach of contract claim survives. Plaintiff has alleged that she entered into an oral settlement agreement with Stanton in July 2001, and that such agreement was breached when she was not paid $1,300,000. While her *pro se* complaint is brief, she adds some additional facts through her answer

---

[7] An Administrative Law Judge ("ALJ") had conducted a hearing on December 12, 2001, where several individuals testified with respect to Plaintiff's EEOC complaint of discrimination and retaliation. (*See* Tr. Proceedings at 2-3, attached as Ex. A to Mot. App.) The transcript does not mention any settlement or provide a verbatim transcription of the December 12, 2001 hearing, but rather summarizes the applicable law and the testimony given at the prior hearing, and sets forth the ALJ's ruling. (*See generally id.*) The ALJ ultimately ruled against Plaintiff on her EEOC complaint. (*See id.* at 20-23.)

[8] Defendant urges the Court to consider the December 22, 2001 transcript as a matter of public record. (*See* Mot. at 7-9.) Several courts have indicated that EEOC filings are a matter of public record. *See, e.g.*, *Mitchell v. United Parcel Service, Inc.*, No. 3:04-CV-1403-L, 2005 WL 762253, at *2 n.* (N.D. Tex. Apr. 1, 2005).

to the MJQ. She has provided a little more than just labels and conclusions, although she has alleged minimal facts as to the existence of a valid oral contract. Her alleged facts state a plausible breach of contract claim.

For all of these reasons, Plaintiff has stated a breach of contract claim that survives dismissal under Rule 12(b)(6). Accordingly, the Court should deny the Rule 12(b)(6) motion to dismiss.[9]

## IV. MOTION FOR SUMMARY JUDGMENT

In the alternative, Defendant moves for summary judgment on Plaintiff's breach of contract claim. (*See* Mot. at 8-9.)

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.

---

[9] Were the Court to consider the transcript proffered by Defendant as a matter of public record, the outcome would remain the same. The subsequent proceedings do not alter Plaintiff's allegation that an oral settlement agreement existed as of July 2001, and was breached by Defendant, which the Court must take as true under Rule 12(b)(6).

*Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th

Cir. 1994)). Even *pro se* litigants must adhere to the requirement that they oppose summary judgment in accordance with Fed. R. Civ. P. 56(e). *See Gordon v. Watson*, 622 F.2d 120, 122-23 (5th Cir. 1980).

Rule 56(c) of the Federal Rules of Civil Procedure entitles Plaintiff to ten days notice before entry of summary judgment. This notice requirement avoids surprise to the non-moving party and prevents the moving party from using summary judgment to prematurely truncate discovery. *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 Fed. App'x 775, 784 (5th Cir. 2007). The Fifth Circuit strictly enforces the notice requirement, and has found a "court's grant of summary judgment without notice that the court contemplated ruling on the motion for summary judgment was an abuse of discretion." *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1403 (5th Cir. 1993). Rule 56(c) merely requires that the non-moving party receive notice that the Court could treat a pending motion as one for summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

In this instance, Defendant's motion clearly notifies Plaintiff that Defendant seeks summary judgment in the alternative. The Court issued a briefing schedule that granted Plaintiff more than ten days to file a response and brief to the motion. The Court order also alerted Plaintiff that Defendant was seeking summary judgment in the alternative. Under these facts, Plaintiff has been accorded the ten days notice required by Rule 56(c), and the Court properly considers the instant motion under the summary judgment standards.[10]

Plaintiff has not responded to the instant motion for summary judgment. While such failure

---

[10] In any event, the ten-day period for lodging objections to this recommendation may also serve as the ten-day notice period prior to entry of summary judgment. *See Hall v. United States*, No. 6:06-CV-528, 2008 WL 276397, at *3 n.5 (E.D. Tex. Jan. 30, 2008) (adopting recommendation of Mag. J.).

does not permit the court to enter a "default" summary judgment, it does allow the court to accept the evidence proffered by Defendant as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). Additionally, because Defendant argues that there is no evidence of a contract between Plaintiff and Defendant (or the IRS), Plaintiff must produce evidence that creates a genuine issue of material fact of that essential element of her case. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).

Although Plaintiff's unverified complaint does not constitute competent summary judgment evidence, her answer to the MJQ may be considered as such evidence to the extent it satisfies the requirements of Fed. R. Civ. P. 56(e). *Cf. King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (verified complaint may serve as competent summary judgment evidence); *Barnes v. Johnson*, 204 Fed. App'x 377, 378 (5th Cir. 2006) (same) (per curiam). Rule 56(e) requires that affidavits proffered in support or opposition of a motion for summary judgment "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." It further requires that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." A party may rely on an unsworn declaration in lieu of an affidavit if the declaration satisfies the requirements of 28 U.S.C. § 1746, *i.e.*, the declaration is made "under penalty of perjury" and verified as "true and correct".[11] *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306-07 (5th Cir. 1988); *Barnes*,

---

[11] Section 1746 provides:
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification,

9

204 Fed. App'x at 378.

Plaintiff's answer to the Court's interrogatory satisfies the requirements of Rule 56(e) through § 1746. Plaintiff specifically declares under penalty of perjury that her answer is true and correct. (*See* Verification to Answer to MJQ.) Her answer states: "Attached are the following: [five listed documents]". (*See* Answer to MJQ.) The verification of that answer as true and correct under penalty of perjury does not verify the attached documents as true and correct or subject Plaintiff to perjury for false statements within them. To consider the documents on the verification given would allow Plaintiff to circumvent the penalties for perjury by attaching documents that contain intentional falsehoods. *See Nissho-Iwai Am. Corp.*, 845 F.2d at 1306. The answer thus provides no verified facts to oppose Defendant's motion for summary judgment.

For the Court to properly consider the attached documents in the context of Defendant's motion for summary judgment,[12] they must be either (1) certified or sworn as required by Rule 56(e)

---

certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

[12] Of course, the Court properly considered the attached documents for purposes of Defendant's motion to dismiss.

or (2) independently verified in compliance with § 1746. No attached document is certified or sworn. The only one that is independently verified is a "Proof of Service" which verifies that "a Notice" was mailed to various governmental entities and persons on November 29, 2004. That document is insufficient to oppose summary judgment. The Court will not consider the other attachments for purposes of summary judgment.

In short, the answer and its attachments do not constitute competent summary judgment evidence on any matter material to this litigation. Plaintiff has provided no competent summary judgment evidence that she entered into a settlement agreement with Stanton or the IRS. She has provided no written contract. She has provided no affidavit or unsworn declaration in which she creates an issue of fact regarding the existence of the alleged contract. At this point, she may not merely rely on her unsworn allegations. Stanton specifically declares under penalty of perjury that he represented the IRS regarding Plaintiff's EEOC case, but no settlement was reached. (*See* Unsworn Decl. Under Penalty of Perjury of Thomas Stanton at 2-3, attached as Ex. B to Mot. App.) Based upon this uncontested declaration, Plaintiff's breach of contract claim necessarily fails, and Defendant is entitled to summary judgment. The Court should grant Defendant's motion for summary judgment.

## V. RECOMMENDATION

For the reasons stated herein, the Court should **DENY** Defendant Stanton's motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and **GRANT** his motion for summary judgment filed pursuant to Fed. R. Civ. P. 56. Because this ruling resolves the only claim remaining in this action, the Court should direct the Clerk of the Court to close the case upon entry of judgment.

**SO RECOMMENDED on this 6th day of October, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE